IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARSHALL BABCOCK, JR, *et al.*,      )
                                      )
              *Plaintiffs*            )
vs.                                   )      Case No. 3:14-CV-200 RLM-MGG
                                      )
BIOMET ORTHOPEDICS, LLC, *et al.*,    )
                                      )
              *Defendants*            )

OPINION AND ORDER

Biomet moved for summary judgment in this case contending that it is entitled to judgment on the merits as a sanction for the plaintiffs' failure to preserve the M2a device that was removed during Mr. Babcock's revision surgery in December 2013. For the following reasons, I am denying that motion.

Summary judgment is only appropriate if the pleadings, discovery materials, disclosures, and affidavits demonstrate that there are no genuine issues of material fact, and that the non-moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23(1986); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The record in this case doesn't support the relief requested.

These facts are undisputed. In March 2013, I entered an Explant Preservation Order in MDL 2391 requiring the plaintiffs to "make good faith efforts to ensure that non-party medical practitioners, hospitals, and vendors engaged to facilitate device preservation preserve [their] Explanted M2a Devices that may

be relevant to the claims, defenses, or subject matter of [their] case consistent with this order...." [Doc. No. 279 in 3:12md2391].  That order also provided:

III. <u>OBTAINING EXPLANTED M2a DEVICES</u>

 A. <u>M2a Devices that...are not in either party's possession</u>
  With respect to M2a Devices that...have been explanted but are not in either party's possession, counsel for a plaintiff may elect to obtain plaintiff's Explanted M2a Device from plaintiff's surgeon or the hospital where the surgery occurred and send it to a contract laboratory of plaintiff's choice or a designated storage facility.  If plaintiff's counsel does not elect to obtain an Explanted M2a Device within 60 days of the revision surgery, Biomet will make arrangements for it to be sent to Malcolm Naylor at Biomet in Warsaw, Indiana.

[Doc. No. 279].

 Mr. Babcock hired an attorney (Jerrold Parker from Parker Waichman LLP) in December 2013, when he had his revision surgery, and filed this suit in February 2014, almost a year after the explant preservation order was entered. When Mr. Parker and co-counsel Richard Arsenault filed the complaint in 2016, they already had cases pending in this MDL, and knew or should have known about the explant preservation order. That knowledge can be imputed to Mr. Babcock, *see* <u>Washington v. Parkinson</u>, 737 F.3d 470, 473 (7th Cir. 2013); <u>Frey v. Fraser Yachts</u>, 29 F.3d 1153, 1158 (7th Cir. 1994), when, as here the record clearly indicates that Mr. Parker instructed the hospital to send the explanted device to him, but Mr. Babcock changed the directive.

 An assessment report by United Health services completed on the day of Mr. Babcock's revision surgery stated that:

> Patient states he does not want his explanted device to go to the
> lawyer, as planned.  He stated he wants to take it himself...Called
> Parker/Wa[i]chman LLP  and spoke with...legal assistant.  She
> notified the lawyer for this case....

[Doc. No. 199-4].

Mr. Babcock testified during his deposition in November 2017 (almost four years after the revision surgery) that he asked someone at the hospital "if they would take [the explanted device] because [h]e knew if we [presumably Biomet's attorneys] took it that'd be the end of it," and that someone told his wife it was "in a drawer." [Doc. No. 199-3].  Mr. Babcock's surgeon, Dr. Cicoria, indicated during his deposition in November 2017 that he didn't know if the hospital still had the device. [Doc. No. 199-5].

To prevail on its motion, Biomet must show that Mr. Babcock didn't make a good faith effort to preserve the explanted device, *e.g.*, that he acted willfully or in bad faith ("for the purpose of hiding adverse information"), Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir 2008); Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 781 (7th Cir. 2016), or that the failure to preserve the explanted device was his "fault". Marrocco v. General Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992). Biomet alleges the latter. It contends that: Mr. Babcock acted unreasonably by preventing the explant from being sent to his attorney, failing to timely secure the explant from the hospital, and assuming that the hospital would hold it indefinitely; the loss of the device irreparably prejudices Biomet's ability to defend itself; and the only appropriate sanction is to dismiss his claims. *Citing,*

*e.g.,* <u>Marrocco v. General Motors Corp.</u>, 966 F.2d 220 (7th Cir. 1992); <u>Collins v. Illinois</u>, 554 F.3d 693, 696 (7th Cir. 2009); <u>Langley by Langley v. Union Electric Co.</u>, 107 F.3d 510, 514 (7th Cir. 1997).

But the record contains no evidence about what steps, if any, either party or their attorneys took to locate and preserve the device after it was removed, or when the device was actually lost or destroyed. The explant preservation order gave both parties a right to obtain and test the device, but neither appears to have made any effort to exercise that right in a timely fashion. Mr. Babcock had an obligation to preserve the explanted device, but before he pays for his omission with his cause of action, the court needs to know more about what each party did and didn't do. Mr. Babcock testified that he thought his surgeon had the implant, but no evidence suggests that Biomet ever acted on that information. While Mr. Babcock and his attorneys are at fault for not obtaining and preserving the explanted device, I can't find on the basis of the limited record before me that they were the only ones at fault for failing to do so in a timely fashion, or that their actions were objectively unreasonable as a matter of law.

Accordingly, Biomet's motion for summary judgment [Doc. No. 197] is DENIED.

SO ORDERED.

ENTERED:   <u>  August 7, 2019  </u>

<u>      /s/ Robert L. Miller, Jr.      </u>
Judge, United States District Court

4